**FULTON CO. v. JANESVILLE LABORATORIES, Inc., et al.**

Circuit Court of Appeals, Seventh Circuit. Dec. 31, 1928.

No. 4058.

914

Bertha MacGregor, of Chicago, Ill., for appellant.

Frank E. Liverance, Jr., of Grand Rapids, Mich., for appellees.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge. In a suit for patent infringement the Fulton Company, appellant herein, obtained a decree against Janesville Laboratories, Inc., and Edgar J. Leach, appellees herein, finding infringement, awarding injunction against both defendants, but granting an accounting against only the first named, a corporation of which Leach was an officer. The decree was affirmed in this court, 21 F.(2d) 428, but the appeal and cross-appeal did not raise any question respecting the omission to include Leach as an accounting defendant.

At the commencement of the accounting the corporate defendant moved that it be dismissed from the proceeding upon the ground that it was practically without assets, having only $9.22, which was tendered to the court, and that the corporate charter had been forfeited.

Upon application to this court, appellant was granted leave to file in the District Court petition to reopen the cause for further testimony respecting the liability of Leach to account. Such petition was filed in the District Court, where, after hearing thereon, the court denied the relief, and directed the accounting to proceed, as in the original decree provided. The appeal is from this order of the District Court.

For appellant it is contended that the evidence in the original case, as well as that adduced on the motion, shows Leach, as well as the corporation, to have been a deliberate and willful infringer of the patent; and that the infringement was actively carried on by him personally, behind an irresponsible corporation, and that he is liable to account. Leach denies this, contending that he was acting in good faith, and only as an officer of the corporation, which was a bona fide responsible concern.

The evidence is more or less contradictory, and we are unable to say that, upon the facts, the conclusion reached by the court which heard the evidence was unwarranted. There are some facts which might tend to indicate deliberate, preconceived infringement, but the same facts are also explainable upon the hypothesis of innocence.

The infringement was not so palpable that from it alone it might be concluded that it was deliberate and willful. There is, under the evidence, sufficient room for the conclusion that Leach's operations and conduct were in good faith. The capital of his corporation was not large, but was all paid in, and he held somewhat less than one-third of it. His associates were practical men, and, but for this infringement suit, it is quite possible that the business could have been successfully carried on. The exhaustion of their means and assets was largely, if not entirely, the result of this suit, as was the ultimate stoppage of their business, or the main part of it. Neither can we say, from the evidence, that the infringement was undertaken behind the mask of a financially irresponsible concern.

We believe that upon the record the District Court was not unwarranted in concluding that the case falls fairly within the rule announced by this court in Dangler et al. v. Imperial Mach. Co. et al., 11 F.(2d) 945, where the adjudication was against the liability to accounting by corporate officers.

The order of the District Court is affirmed.